14590

SALLEY v. McCOY *ET AL.*

(195 S. E., 132)

February, 1937.

*Messrs. Henry R. Sims, Julian S. Wolfe, Adam H. Moss, Taylor H. Stukes* and *C. T. Graydon,* for defendants-appellants,

*Messrs. Zeigler & Brailsford, Lide & Felder* and *C. E. Summers,* for plaintiff-appellant,

*Messrs. Zeigler & Brailsford, Lide & Felder* and *C. E. Summers,* for plaintiff-respondent,

December 28, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

In this suit the treasurer of Orangeburg County is seeking to recover judgment against Orangeburg County for

certain unpaid salary items alleged to be due him under Section 2700 of the Code, and for certain tax execution fees which he claims under the provisions of Section 2854 of the Code.

Although the case has not yet been reached for trial on the merits, this is the second appeal. See *Salley v. McCoy et al.,* 182 S. C., 249, 189 S. E., 196, 215. The first appeal was from an order of the Circuit Court sustaining a demurrer on the part of the plaintiff treasurer to all but two of nine defenses, including two defenses by way of counterclaim, filed by the defendants.

In the opinion of this Court, on the first appeal, the suggestion of the appellants (county governing board), that to sustain the demurrer there dealt with would have the effect of depriving them of a trial of the issues of fact intended to be raised by the pleadings, this Court pointed out that there is ample provision in the law for the amendment of an answer, following an appeal to this Court from a ruling on the pleadings, "if it should later develop that *issues of fact* intended to be raised in the defenses that are stricken out of the ruling on the demurrer should be raised in some other form." (Italics added.)

Following the remittitur to the Circuit Court, the defendants asked leave to amend their answer, including the counterclaims therein set up, and, under the direction of the Circuit Judge, submitted a proposed amended answer. The Circuit Judge made an order allowing certain of the proposed defenses, and disallowing others, including three defenses by way of counterclaim. Both parties have appealed from this order.

For convenience, the defendants, constituting the Orangeburg County Highway Commission, will hereinafter be referred to as the appellants. The county treasurer, plaintiff below, will be hereinafter referred to as the respondent.

The result of the decision on the first appeal was to leave intact the first defense, in which there were admissions of some of the allegations of the complaint, and denials of

others, and also the second defense, which amounts to a plea of payment. In the proposed amended answer, the appellants set up the following additional defenses:

Third defense, that Section 2700 of the Code of 1932, upon which the salary claims set forth in the complaint were based, is unconstitutional, and therefore null and void; fourth defense, that Section 2854 of the Code, upon which the claim to execution fees set up in the complaint is based, is unconstitutional, and therefore null and void; fifth defense, and by way of counterclaim, that the plaintiff had collected certain tax execution fees, which he is alleged to have unlawfully retained and to have converted, and which should have been paid over to Orangeburg County; sixth defense, and by way of counterclaim, that the plaintiff had paid over to the sheriff of Orangeburg County a certain amount of execution fees collected by the plaintiff, and to which it is alleged the County of Orangeburg was and is entitled, the payment to the sheriff being claimed to be illegal; seventh defense, and by way of counterclaim, that the plaintiff had failed in certain particulars to perform his duties as treasurer of Orangeburg County in relation to delinquent taxes, in consequence of which the county had suffered losses for which damages in the sum of $200,000.00 is claimed.

The respondent complains of so much of the order of the Circuit Judge as authorizes the amendment of the answer by the addition of the third and fourth defenses above indicated. The appellants complain of so much of the order as disallows the amendment of the answer by the addition of the fifth, sixth, and seventh defenses by way of counterclaim.

At the outset it is well to define generally the scope of the issues presented in these successive appeals.

As hereinbefore stated, the action was brought by the respondent to recover salary items and tax execution fees, which he alleges are due him under the provisions of Sections 2700 and 2854 of the Code.

While these sections are not so designated in the complaint, the respondent's cause of action is so stated as to be unintelligible except as a claim made under those two Code provisions. Undeniably the complaint either states a cause of action under these provisions or it states no cause of action at all; or to express the matter with specific reference to the third and fourth defenses, which the appellants now seek to interpose, Sections 2700 and 2854 of the Code are valid enactments fixing the amount of compensation to which the county treasurer is entitled by way of salary and execution fees as set forth in his complaint, or they are invalid statutes, furnishing no foundation upon which a complaint may be based.

Confronted with this complaint, the county was in position to defend on the ground, in the light of the issues then presented, that the complaint sets forth no cause of action, because the alleged statutory foundation upon which it rested was nonexistent, due to the *invalidity* or the *inapplicability* of the statutes upon which the plaintiff relied. In the answer interposed by the appellants, however, there is no allegation that the Code provisions in question were unconstitutional. The denial of the plaintiff's claims was general, and as a matter of pleading could be construed to mean only that by reason of the special local laws upon which the county relied to sustain its denials, the respondent was not entitled to recover. On any other theory the county would not have answered the complaint by way of denial, but would have demurred to the same.

Upon the hearing of the demurrer to the appellants' original answer and counterclaims, the issues before the Circuit Court related primarily to the constitutionality of the various special local laws which undertook to reduce the salary of the treasurer below the amount fixed by Section 2700 of the Code, and to deprive the treasurer of the execution fees provided by Section 2854 of the Code, but the whole theory of the presentation of this case to the Circuit Judge involves the validity and applicability of the Code sections in

question. In fact it would not be inaccurate to describe as the problem presented to the Circuit Court the question whether the Code sections in question are controlling as general laws, or whether they were superseded by the local laws upon which the county relied. And the disposition of the case by the Circuit Judge was a disposition of that question.

Recognizing this, counsel for the county presented in their brief on the first appeal, as one of the "Questions Involved":

"4. Is section 2700, Code of 1932, a general law applicable to the payment of County Treasurer and uniform in its operation?"

And by their Exception No. 5, such counsel presented this question, as follows:

"5. The Court erred in holding that section 2700, Code of 1932, is a general law applicable to the payment of County Treasurers; the error being that section 2700, Code of 1932, is a special law."

And in the argument of counsel on the first appeal, the matter of the constitutionality of Section 2700 of the Code is specifically mentioned. Appellant's counsel, on page 12 of their brief, on that appeal, stated:

"We realize that the constitutionality of section 2700 is not before this Court at this time, and we are not asking that this section be declared unconstitutional. As a matter of fact, in our opinion, subsections 9 and 10 have no application to section 2700, but under the interpretation of the lower Court it follows, as a matter of course, that section 2700 is unconstitutional if the special acts relating to the payment of county officials in Orangeburg County are unconstitutional; and we would like to call the Court's attention to the fact that if this Act is declared unconstitutional the duty will fall on the State of South Carolina and the various counties of the State to institute actions against every county auditor and treasurer for the recovery of all sums paid them under and by virtue of this Act. The Court

will readily see the chaotic condition to which this would give rise."

And on page 35 of their brief appellants' counsel expressed the same thought more briefly as follows:

"We have demonstrated that section 2700, *supra,* and the various appropriation Acts for Orangeburg County belong to the same constitutional class, either all are constitutional or all are unconstitutional."

Thus we have the appellants' standing upon the position, fully argued before the lower Court in the first instance, that the special local laws are constitutional, and upon the further position presented in this Court that those laws cannot be declared unconstitutional without at the same time striking down as unconstitutional Section 2700 of the Code. This was just another way of presenting the contention that Section 2700 of the Code and the special local laws in question were all equally constitutional for the reasons which the appellants were advancing for upholding the local legislation.

As now more clearly presented by counsel for the appellants, the position then intended to be taken and now more clearly expressed is that Sections 2700 and 2854 of the Code are not general laws of the State in a constitutional sense, any more than were the special local acts involved in the cause. Carrying out their position logically, the appellants now contend that since this Court on the first appeal declared the special local Acts unconstitutional as violating the provisions of Article 3, Section 34, subdivision 9, of the Constitution, it is now necessary to declare Sections 2700 and 2854 of the Code likewise unconstitutional for the same reasons.

This view was definitely rejected by the Circuit Court upon the hearing of the first demurrer, and was likewise rejected by this Court upon the first appeal, when it was decided that the special local laws in question are unconstitutional, and that the respondent is entitled to pursue his remedies under the Code sections above referred to. There is

no other foundation upon which the original Circuit Court decree and the opinion of this Court on the first appeal can rest.

In this state of the record the appellants now come before the Court with a proposed amended answer undertaking for the first time (by its third and fourth defenses) to challenge the validity of Sections 2700 and 2854 of the Code as being in violation of Article 3, Section 34, subdivision 9, of the Constitution of 1895, which provides in effect that the Legislature shall not pass special laws in cases "where a general law can be made applicable."

Are these contentions not barred by the doctrine *res judicata*? That issue is clearly presented by the briefs of counsel on both sides, and much might be said in support of the application of the doctrine to the issues here presented. But we do not deem it necessary to base our disposition of the matter on that ground, and we leave the question entirely open.

If, within the doctrine in question, the issue of the unconstitutionality of the two Code sections in question was not presented and disposed of on the prior appeal, at least it must be held that for the purposes of the present case the validity of these statutes cannot now be called in question.

The elementary principle that counsel will not be permitted to take inconsistent positions at successive stages of a cause, and thereby prolong the litigation, is clearly applicable here; and that principle attains especial importance and significance when it is applied to prevent a change of positions on the part of the litigants that goes to the very foundation of a decision previously made upon an inconsistent view of the law. And the principle attains even greater importance where the issue sought to be raised for the first time on the second trial of the matter is an attack upon the constitutionality of an Act which previously was recognized by the Court, at the instance of the litigants themselves, as constitutional in all particulars.

"It is a general rule applicable in civil cases that a consti-

tutional question must be raised at the earliest opportunity, or it will be considered as waived." 12 C. J., p. 785.

"A party may not take a ground inconsistent with that taken by him at a former trial or trials." 46 C. J., p. 463.

"The failure to raise an opportune objection to an order of the Court amounting to an invasion of a constitutional right may amount to a waiver of this right." 6. R. C. L., p. 95.

A result in accord with that above stated follows also from the elementary rule that conclusions announced on a former appeal will not be disturbed on a subsequent appeal. *Cato v. Atlanta & C. A. L. R. Co.*, 164 S. C., 123, 162 S. E., 239.

We are not here dealing with the power of a Circuit Judge, upon a hearing following the disposition of an appeal on the pleadings or otherwise, to exercise a discretion in determining whether an answer may be amended by the interposition of new defenses or otherwise. See for example the cases of *Bradley v. Long*, 2 Strob., 160, 166; *Elliott v. Carroll*, 179 S. C., 329, 184 S. E., 92. The power to authorize an amendment of the answer now is before this Court on strictly a question of law and one that should be determined under the broad principles hereinbefore announced. As expressed by the late Justice McIver in the case of *Bleckeley et al. v. Branyan*, 28 S. C., 445, 6 S. E., 291, 293, "There must be an end of litigation somewhere, and parties cannot be permitted to try their cases by piecemeal."

It is impossible to lay down any general rule on this subject, but as applied to the particular situation here presented, we feel constrained to hold that the able Circuit Judge was in error when, in allowing the proposed third and fourth defenses to be pleaded in the second amended answer, he invited the presentation of the constitutional issues above indicated.

The appellants appealed from so much of the order of the Circuit Judge as disallowed the fifth, sixth, and seventh defenses by way of counterclaim.

The fifth defense, by way of counterclaim, alleges the collection by the respondent of certain tax execution fees which admittedly he retained under the provisions of Section 2854 of the Code, and the sixth defense, by way of counterclaim, alleges the collection by the respondent of certain tax execution fees which, in accordance with the provisions of Section 2854 of the Code, he turned over to the Sheriff of the county, and in these counterclaims· the appellants seek to recover the moneys which thus came into the hands of the respondent. In all essential particulars these two counterclaims rest upon the same legal and factual grounds which were presented by two corresponding defenses by way of counterclaim (the eighth and ninth) in the original answer. On the first appeal the questions raised by these counterclaims were fully disposed of by the holding that the special local laws upon which the county relied were unconstitutional.

To the extent that these counterclaims in the amended answer rely upon the alleged unconstitutionality of Section 2854 of the Code, they may not be interposed at the present stage of the case under the ruling hereinbefore made on· that subject.

Let it be emphasized that we are not dealing with any of the constitutional questions presented by the appellants in their brief, except to the extent of the rulings thereon made on the first appeal, which, of course, we are here adopting and following. Therefore, we are not to be understood as dealing with such questions as the power of the Legislature, by special local laws, to take away from the Sheriff of a county the duties connected with the collection of delinquent taxes and to confer such duties upon a tax collector, and to transfer from the office of the Sheriff to that of the tax collector, or to the general county fund, the emoluments attached to the collection of delinquent taxes. This question, presented by the arguments of counsel relating to the sixth defense by way of counterclaim, is not before the Court in the light of the principles hereinbefore and hereinafter dis-

cussed. The broad powers conferred upon the Legislature in respect to county government by Article 7, Section 11, of the Constitution should not be taken to be affected by the rulings we made on the first appeal, and that are herein made, on the subject of the validity and applicability of the statutes relating to the compensation of a county treasurer.

A further reason for disallowing the sixth defense ■■ by way of counterclaim, relating to the payment of execution fees to the Sheriff, would be the fact that counsel present this counterclaim as one in tort, in the nature of misfeasance in office. The language used in the pleading is susceptible of a different interpretation, but in their contentions before this Court counsel on both sides have apparently considered the counterclaim as giving the actions of the respondent a tortious character. In that light, the counterclaim would not be one permitted under the provisions of Section 468 of the Code. That is to say, it does not present a cause of action "arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim"; nor is it "connected with the subject of the action."

The governing principle in the interpretation of the second quoted part of the Code provision is well expressed in Pomeroy's Code Remedies, 5th Ed., § 652, as follows: "In respect to the phrase 'connected with' the subject of the action, one rule may be regarded as settled by the decisions, and it is recommended by its good sense, and its convenience in practice. The connection must be immediate and direct. A remote, uncertain, partial connection is not enough to satisfy the requirements of the statute. 'The counter-claim must have such relation to, and connection with, the subject of the action, that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counter-claim should be settled in one action by one litigation; and that the claim of the one should be offset against, or applied upon, the claim of the other.' The criterion proposed by the Supreme Court of Indiana

in one of the cases cited is as certain and practical as the nature of the subject admits, and only needs to be known to be universally accepted. It is, that the connection must be such that the parties could be supposed to have foreseen and contemplated it in their mutual acts; in other words, that the parties must be assumed to have had this connection and its consequences in view when they dealt with each other. I now pass, according to the order already stated, to the three branches into which the subject-matter is naturally separated."

This view of the statute has been repeatedly applied in the decisions of this Court. *Columbia Nat. Bank v. Rizer,* 153 S. Ct., 43, 150 S. E., 316, 68 A. L. R., 443; *Commercial Credit Co. v. Cook,* 165 S. C., 387, 164 S. E., 17; *Bank of Charleston, National Banking Ass'n v. Bank of Neeses,* 127 S. C., 210, 119 S. E., 841; *Smoak v. Robinson,* 156 S. C., 370, 153 S. E., 342.

The seventh defense, by way of counterclaim, clearly involves a claim sounding in tort, and under the above authorities cannot be sustained against the demurrer.

In thus passing upon the demurrer to the defenses by way of counterclaim, we, of course, are not dealing with the substantive rights of the parties. The question, whether independent actions are maintainable by Orangeburg County against the Treasurer in respect to the matters set forth in the three counterclaims, is not before the Court, except to the extent that we have held generally that the compensation of the Treasurer, as fixed by Section 2700 of the Code, may not be reduced by special local laws, and that, *under the facts of this case,* a counterclaim will not lie herein for the recovery of execution fees paid by the Treasurer to the Sheriff under the provisions of Section 2854 of the Code. In independent actions, in which those questions may be presented, the facts pleaded may well have a material bearing on the rights of the county, or on the defenses of the Treasurer. There may be, for example, some difference in the law

as to the rights and liabilities of the parties in respect to execution fees collected by a tax collector, appointed to take over from the Sheriff the collection of delinquent taxes (1) where the collections came into the tax collector's hands, as the result of levy and other action on the part of the Sheriff before the tax collector took office, and (2) where the collections were effected solely as the result of the efforts of the tax collector. Such questions are not now before the Court.

In the exceptions of the respective parties, and in the additional grounds to sustain the Circuit decrees advanced by the appellants, many additional considerations, relating to the various proposed additional defenses and counterclaims are presented, but in the view we take of the matter it is not necessary to deal with any of the additional questions thus raised.

Accordingly, so much of the order of the Circuit Judge, as allows the third and fourth defenses set up in the proposed amended answer, is reversed; so much of said order as allows the first defense, and disallows the amendment of the answer by the addition of the fifth, sixth, and seventh defenses by way of counterclaim, is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.

### Order on Petition for Rehearing

*Per curiam.*

A petition for a rehearing of this cause on the part of the appellants suggests error in the opinion filed in the following particulars:

(1) In disallowing the fifth and sixth defenses set up in the amended answer as resting upon the same legal and factual grounds which were presented by the eighth and ninth defenses in the original answer, and to which a demurrer was sustained on the first appeal.

(2) In overlooking Act No. 598 of the Acts of 1935, 39 St. at Large, p. 1209, in dealing with the counterclaims of the appellants as set up in the second answer, "particularly section 4 of said act."

As to the first ground, the essence of the fifth defense is that the Treasurer collected the fees provided by the general law; that "said fees were the property of and belonged to the County of Orangeburg, and plaintiff had no interest in or claim upon them, yet he nevertheless, instead of crediting them to the County of Orangeburg, as by law he was required, unlawfully converted the said fees.   *   *   *"

It is also alleged in this defense that the plaintiff never earned the fees, in that "he never performed the duties required of him by law."

And in the sixth defense, too, the argument seems to be founded on the claim that the Sheriff "failed and refused to perform the aforesaid duties for which the aforesaid fees would have been allowable to him as compensation," in consequence of which the executions in question were placed in the hands of a tax collector for collection. It should be stated that this tax collector is not allowed, under the law creating his office, the fees provided by the general law of the State for dealing with delinquent taxes, but is merely a salaried official.

In our opinion the variations between the fifth and sixth defenses as contained in the second answer, from the eighth and ninth defenses contained in the original answer do not raise any new issues. The opinion of this Court on the first appeal settles the question that the local laws which undertook to deprive the plaintiff of these fees are unconstitutional; when the counterclaim says that the Treasurer and the Sheriff did not perform the duties required by law of them, this is merely an assertion that these officials are not entitled to the fees, although the general law gives the fees to them, because the duties connected with the earning of these fees have been in part devolved by special legislation upon another officer (the tax collector), or else that the

general law gives the fees to the Treasurer and Sheriff for not doing anything. This is just another attempt to revive the issue of the right to the fees under the general law of the State.

We, of course, are not in this case dealing with the broader question of the power of the Legislature, by a local Act, to provide special machinery in a given county for the administration of the tax collection system of that county, where in so doing the general laws of the State respecting the matter dealt with in the opinion filed have not been infringed upon in a constitutional sense.

The counterclaims are in tort. This is made plain by the language used in the pleading; also by the argument in appellants' brief; also by the reliance by appellants upon the 1935 Act, referred to below, which deals with counterclaims "for damages" for malfeasance, misfeasance, nonfeasance, etc.

If the respondent is liable to the county in relation to the items set forth in the fifth defense solely by reason of his refusal or failure to perform the duties of his office, the remedy is not an action in contract by way of counterclaim. This needs no extended argument or discussion.

With respect to the second ground of the petition, appellants' counsel are wholly in error in suggesting that the Act of 1935, No. 598, p. 1209, § 4, was before the lower Court at the hearing upon the first demurrer, and that the constitutionality of this statutory provision has become the law of the case. Judge Grimball, in dealing with the demurrer to the original answer, had no occasion to deal with Section 4 of the Act in question. It was not set up in any of the pleadings in that case, or mentioned in the arguments of counsel or in the decisions of the lower Court and of this Court. Nor was this provision dealt with in the present case either in the lower Court or in this Court, except in the oral argument of the appeal. In the broadest possible sense the question now raised is one *dehors* the record.

We are not called upon in this case to deal with the con-

stitutionality or applicability of the statutory provision in question. Whether this provision is embraced within the title of the Act, or whether it is constitutional in other respects, are matters, among others, upon which we will express an opinion when the issues have been properly presented to a trial Court, and raised here by appropriate exceptions.

Petition refused.

MR. JUSTICE CARTER did not participate on account of illness.