14816

HURST v. SUMTER COUNTY ET AL.

(1 S. E. (2nd), 238)

*Messrs. L. E. Purdy* and *Epps & Epps,* for appellants-respondents,

*Mr. Shepard K. Nash,* for respondent-appellant,

February 6, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

In that both sides to this controversy have appealed, we will hereafter refer to C. M. Hurst, respondent-appellant, as plaintiff, and to Sumter County et al. as defendant.

Plaintiff is the sheriff for Sumter County, and has been for a number of years, having been duly elected to this office, and qualified and commissioned on March 1, 1929, March 1, 1933, and on March 11, 1937. The plaintiff having abandoned the second cause of action relating to salary,

we are concerned in this appeal with only the first cause of action in the complaint, which alleges that by various Acts of the Legislature, plaintiff has been deprived of tax execution fees, costs and commissions; and fees for the service of process. It is negatively admitted that any Act having local application passed after the Act of 1935 ratifying the amendment of Article 3, Section 34, Subdivision 9, of the Constitution of 1895, would not be subject to attack as in violation of said article, Section and subdivision.

The Acts specifically alleged in the complaint to be special Acts where a general law is applicable, are as follows:

"Act No. 1135 Acts of 1930, approved March 20, 1930, appearing as Section (s) 4811 (and 4812), Code of 1932 —wherein it is provided, in substance, that from and after the next election and qualification as Sheriff of Sumter County, the said Sheriff so elected should be paid a salary of Three Thousand ($3,000.00) Dollars per annum, in lieu of all fees, costs and commissions.

"Act No. 12 Acts of 1931, appearing as Section 2171, Code of 1932, so as to provide, in substance, that all land bid in at public sale under tax execution, by the Forfeited Land Commission, the Sheriff of Sumter County should receive no mileage, fees, costs or commissions.

"Act No. 756 Acts of 1932 [37 St. at Large, p. 1336], approved March 26, 1932, providing, in substance, that the Sheriff of Sumter County, upon next election and qualification, should be paid a salary of Two Thousand Four Hundred ($2,400.00) Dollars per annum, in lieu of all fees, costs and commissions, and that such fees, costs and commissions should be paid over to the County Treasurer and deposited in the ordinary funds of said County.

"Act No. 131 Acts of 1933 [38 St. at Large, p. 159], approved March 18, 1933, providing, in substance, that the Rural Police of Sumter County should perform all duties of the Sheriff of Sumter County in relation to the collec-

tion of tax executions, and that all fees, costs and commissions should be paid to the Treasurer of Sumter County and be deposited by him in the ordinary County funds, except that the fees, costs and commissions of tax executions issued prior to the effective date thereof should be paid to the Sheriff of said County.

"Act No. 13, Acts of 1931, approved March 1 [13], 1931, being an amendment to Section 521, Code of 1922, Vol. III [Act No. 521 of 1922], now appearing as Section 4950, Code of 1932, providing, in substance, that all fees collected by the Sheriff of Sumter County for service of process should be collected and paid over to the County Treasurer and by him deposited in the County ordinary funds."

The defendant denies that the laws referred to by plaintiff are null and void, and deny that they are special Acts where a general law is applicable and pleads justification under said Act, "and various and sundry other statutes and provisions in the Code, not referred to by plaintiff, * * * which lawfully deprives him of the fees, costs, mileage, and commissions which he is claiming in this action."

Apparently from the record, plaintiff is claiming under his said first cause of action, the execution fees, costs and commissions on tax executions for the years 1932, 1933 and 1934, regardless of when collected. It may be that some executions for 1931 are involved—we are unable to determine this from the limited record—also the fees for service of civil process from 1932 through 1934, and commissions on sales made by the Forfeited Land Commission of Sumter County. The defendant is withholding the above fees, costs and commissions from plaintiff under and by virtue of a series of local acts, and appropriated same to its general fund.

We quote from the order of the trial Judge, his "Findings of Fact": "I find from the testimony that there has been collected in costs and commissions on tax executions

for the years 1932 through 1934, the sum of Sixteen Thousand Six Hundred Four and 64/100 ($16,604.64 Dollars; there has also been collected the sum of Five Hundred Fifty-one ($551.00) Dollars fees in civil cases and an additional sum of One Hundred Seventeen and 63/100 ($117-.63) Dollars as claimed by the Sheriff on sales to the Forfeited Land Commission during the period raised by the pleadings. The whole amount as shown by the testimony, the same not having been controverted by the defendants, aggregating the sum of Seventeen Thousand Two Hundred Seventy-three and 27/100 ($17,273.27) Dollars. The testimony further shows, and I so find, that during the period that the Rural Police for Sumter County were in charge of the collection of taxes, the plaintiff herein was responsible for the handling of the funds, prepared the execution books, made monthly reports to the County Board of Commissioners, made all settlements with the Treasurer and collected in person between sixty and seventy-five per cent of the taxes. In addition to this the Sheriff searched the records of the office of the Clerk of Court for descriptions of property to be levied on for sale of taxes, prepared the advertisements, conducted the sales of property sold under tax levy, and when there was no redemption, prepared the deeds. These facts are not controverted by the defendants, but are borne out by the testimony of the witness offered by the defendants, to wit: W. J. Seale, Chief of Rural Police."

The answer of the defendant did not plead an offset for salary paid plaintiff for the years involved, and no testimony was offered to sustain an offset. However, the trial Judge in his order for judgment allowed an offset in the amount of the salary paid plaintiff from March 1, 1931, through December 31, 1934, aggregating $7,166.67, and rendered judgment for plaintiff against defendant in the sum of $10,106.60, with interest from October 1, 1937.

The defendant appealed upon seventeen exceptions, but abandoned Nos. 13, 14 and 15. The plaintiff appealed from

the finding and holding that defendant was entitled to an offset in the amount of the salary paid plaintiff as against any amount defendant was due plaintiff on account of fees, commissions, etc., when such offset was not pleaded, and no evidence offered thereabout.

We will first consider plaintiff's exception. Under the settled law of this State, an essential preliminary to the allowance of an offset is that the offset claimed must be pleaded, and there must be some evidence tending to establish such plea. The answer of defendant did not plead the salary paid plaintiff, as an offset, and it follows that it was error to allow same. In the case of *Gamble v. Clarendon County*, 188 S. C., 250, 198 S. E., 857, the salary paid Gamble was specially pleaded as an offset.

The main appellant, the defendant, states the "Questions Involved" as follows:

"Should his Honor have held the following acts to deprive the sheriff of Sumter County of the fees and commissions he is claiming on amounts collected after their effective dates: Act No. 615 of the Acts of 1937 [40 St. at Large, p. 1344]; Act No. 280 of the Acts of 1935 [39 St. at Large, p. 393]; and Act No. 62 of the Acts of 1935 [39 St. at Large, p. 68]? (Exceptions 1, 2, 3, 4 and 5.)

"Is Act No. 131 of the Acts of 1933 constitutional, and does it deprive the sheriff of fees and commissions on delinquent taxes after its effective date, April 18, 1933, and especially in view of the provisions of Section 2853 of the Code? (Exceptions 6, 7, 8 and 10.)

"Are Sections 4811 and 4950 of the Code of 1932 Constitutional, and do they deprive the plaintiff of civil fees which he claims in the amount of Five Hundred Fifty-one Dollars ($551.00)? (Exceptions 9 and 12.) .

"Under Section 2171 of the Code, and the facts in this cause, is the sheriff entitled to the One Hundred Seventeen and 63/100 Dollars ($117.63) which he claims on tax sales to the Forfeited Land Commission? (Exception 11.)

"Does· the evidence in this case under the law ·applicable thereto show ·the plaintiff, before any offset·is considered, to be entitled to fees, costs and commissions in the sum of Seventeen Thousand, Two Hundred Seventy-three and 27/100 Dollars ($17,273.27) ? (Exception 16.)

"If the plaintiff is entitled to judgment in any amount, should it draw interest from October 1, 1937? (Exception 17.)"

We do not feel called upon to pass on the constitutionality of the Acts enumerated in Question 1. The complaint of plaintiff makes no attack upon these Acts, and on the other hand tacitly admits that Acts of the General Assembly passed after the ratification of the amendment of Article 3, Section 34, Subdivision 9, of the Constitution, the ratification Act of 1935) which deprive plaintiff of fees, costs and commissions, are constitutional, Paragraph 3 of the complaint alleges : "That the General Assembly of South Carolina has passed the following Acts :" (We have hereinbefore set out in full the allegations of the complaint in regard to the Acts to which reference was intended and made.) Immediately following, and as a portion of said Paragraph 3, is the following : "And that upon information and belief, each and all of said Acts, and any other Act of the General Assembly passed prior to the ratification of the amendment of Article 3, Section 34, Subdivision 9 of the Constitution of 1895, by ratification Act of 1935, in so far as the same attempt to deprive plaintiff of fees, costs and commission, is and are unconstitutional, null and void, in that the same are· and were in violation of Article 1, Sections 5 and 8, and Article 3, Section 34, Subdivision 9 of the Constitution of 1895, and the Fourteenth Amendment, Article 1, Section 10 of the Constitution of the United States, U. S. C. A. ; all being special Acts where a general law was applicable, and depriving plaintiff of his property without due process of law."

In *Salley v. McCoy,* 186 S. C., 1, 195 S. E., 132, 135, this Court cited with approval the following from 12 C. J., 785: "It is a general rule applicable in civil cases that a constitutional question must be raised at the earliest opportunity, or it will be considered as waived."

Unless an Act of the General Assembly be in contravention of some clause of the Constitution of the State, it is valid and binding.

It does not appear from the record that either of the two Acts of 1935 or the Act of 1937 deprives plaintiff of any fees earned—for which he had performed any service—prior to their effective date.

We now consider Act No. 131 of the Acts of 1933, which was enacted, of course, prior to the amendment of Article 3, Section 34, Subdivision 9, of the Constitution. This statute devolves all duties, powers, and privileges exercised by plaintiff with regard to the collection of delinquent taxes, the levying upon the property of delinquent taxpayers the execution of deeds in case of sale, upon the chief of rural police of said county. However, the Act provides: "That the Sheriff of Sumter County shall keep the books and records pertaining to tax collections."

In *Craig v. Pickens County, S. C.,* 200 S. E., 825, recently filed, the statute under consideration in that case *entirely* divorced the office of sheriff from *all* duties in connection with the collection of delinquent taxes. As stated in the Craig opinion, the language of the Act is sweeping. We pointed out that there was a fundamental distinction between the facts in the *Salley case,* and those presented in the *Craig case.* Let us quote therefrom: " *   *   *   The legislation involved in the *Salley case* undertook to create the office of Tax Collector for Orangeburg County, but did not wholly divest the sheriff of his functions respecting the enforcement of the general laws of the state for the collection of delinquent taxes, as in the present case.

The Act involved in the *Salley case* (No. 401, Acts 1933) deprived the sheriff of his execution and other fees incident to the collection of delinquent taxes, but made it the duty of the sheriff, upon the order of the tax collector, to make possession of property sold for taxes and deliver the possession thereof to the purchaser. Thus the offices of the sheriff and tax collector each had a part in dealing with the enforcement of tax executions. And we conclude that under all of the facts of the case, in the light of the constitutional provisions above adverted to, the attempt of the Orangeburg statute to deprive the sheriff of the execution and other fees incident to the collection of delinquent taxes constituted a violation of the constitutional prohibition against special legislation, within the long line of cases dealing with that subject, culminating in the recent decision of this Court in the case of *Ridgill v. Clarendon County* [188 S. C., 460], 199 S. E., 683."

The statute now under consideration did not *entirely* divest the office of sheriff from the collection of delinquent taxes. On the contrary, it requires the sheriff to "keep the books and records pertaining to tax collections." In consequence of such provision in the statute, the plaintiff performed the services as set out in the "Findings of Fact" by the trial Judge.

The defendant argues, however, that plaintiff performed neither of the two specific duties for which compensation is provided. That is true, but in fixing these specific fees the Legislature no doubt had in mind the tremendous amount of clerical work necessary to be done in connection therewith, and such fees were fixed in contemplation thereof.

We are constrained to hold that under the facts of this case, insofar as Act No. 131 of the Acts of 1933 undertakes to deprive plaintiff of fees and commissions on delinquent taxes after its effective date, April 18, 1933, it is unconstitutional.

Number 3 of defendant's "Questions Involved" should read: Is Act No. 1135 Acts of 1930, approved March 20, 1930, and appearing as Sections 4811-4812, Code of 1932, unconstitutional, and is Act No. 13, Acts of 1931, approved March 1 (13), 1931, being an amendment to Act No. 521 (512), Acts of 1922, now appearing as a portion of Section 4950, Code of 1932, unconstitutional, and do they deprive plaintiff of civil fees prior to July 1, 1935 when Act No. 62, of the Acts of 1935, approved March 15, 1935, became effective?

This question must be answered in the affirmative. *Salley v. McCoy, supra; Gamble v. Clarendon County, supra.*

Question 4 can be disposed of under the facts. None of the services for which compensation is provided in the statute (Section 2171 of the Code) were performed by plaintiff, and no clerical work in connection therewith was required of him by Statute. We have held Act No. 131 of the Acts of 1933 unconstitutional only insofar as it deprived plaintiff of his fees. It was therefore error to allow plaintiff any compensation on account of tax sales to the Forfeited Land Commission.

By reason of the various Acts of the General Assembly, defendant could not pay plaintiff any amount until there had been an adjudication by the Courts of the amount due and owing, if anything, and therefore interest is allowable only from date of judgment. See *Wheeler v. Newberry County,* 18 S. C., 132.

The judgment appealed from is modified so as to give plaintiff the fees, and commissions on tax executions collected up to July 1, 1935, and his civil process fees, amounting in the aggregate to $5,951.85, as we were informed at the time of oral argument. If such aggregate amount includes $117.65, commission on sales of the Forfeited Land Commission, then it shall be reduced accordingly.

With this modification, the judgment appealed from is affirmed.

**386**

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.