## 18467

SOUTHEASTERN CONCRETE PRODUCTS COMPANY, Respondent, v POWELL CONSTRUCTION COMPANY, Inc., Appellant

(146 S. E. (2d) 873)

*Messrs. Edgar L. Morris* and *John W. McIntosh,* of Columbia, *for Appellant,*

*Messrs. Robinson, McFadden & Moore*, of Columbia, *for Respondent,*

February 18, 1966.

BUSSEY, Justice.

The defendant-appellant in this action had a masonary subcontract with the prime contractor for a project of the United States Government at Fort Jackson, South Carolina. The complaint alleges that the plaintiff entered into a contract with the defendant, whereby the plaintiff agreed to furnish, and the defendant agreed to purchase from the plaintiff, all of the concrete block necessary for the project, and that the defendant had breached said contract. In its answer, the defendant denied that such a contract existed, and asserted a counterclaim seeking the recovery of damages allegedly sustained by reason of the malicious interference by the plaintiff with the contractual relationship between the defendant and the aforesaid prime contractor.

This appeal is from an order of the lower court striking the said counterclaim on two grounds: (1) that the counterclaim did not arise out of the contract sued on, nor was it connected with the subject of the action; (2) that the

allegations of said counterclaim were insufficient to constitute a cause of action.

Section 10-703(1) of the 1962 Code of Laws of South Carolina authorizes the counterclaim, if the tort alleged therein arose out of the contract sued upon, or it is connected with the subject of the action. That the alleged tort asserted in the counterclaim is not connected with the subject of the action here is clearly shown by the case of *Salley v. McCoy,* 186 S. C. 1, 195 S. E. 132.

While other authorities in point could be cited, the case of *Columbia National Bank v. Rizer,* 153 S. C. 43, 150 S. E. 316, 68 A. L. R. 443, is completely dispositive of defendant's contention that the alleged tort arose out of the contract. The counterclaim attempts to allege an entirely independent tort with respect to a contract between the defendant and the prime contractor. Any cause of action which defendant may have against the plaintiff for interference with that contract springs from the alleged breach by the plaintiff of its legal duty not to interfere therewith; a duty not at all attributable to anything contained in the contract sued upon, but to the law.

The lower court was also correct in holding that the counterclaim did not state facts sufficient to constitute a cause of action. It is not alleged therein that the contract between the defendant and the prime contractor had been breached, or that the performance thereof by the prime contractor had been disrupted, in any manner, as a result of the alleged interference by the plaintiff. *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162.

The exceptions are without merit and the judgement of the lower court is, accordingly,

Affirmed.

Moss, Acting C. J., Lewis and Brailsford, JJ., and Legge, Acting J., concur.