725 S.E.2d 698

Ex parte David G. CANNON, Appellant,

v.

GEORGIA ATTORNEY GENERAL'S OFFICE; South Carolina Attorney General's Office; Terry Brown; Romunzo Brown; Forlando Brown, Darren Lumar, M & T Bank; Tommie Rae Hynie Brown; Stephen L. Slotchiver, the Guardian ad Litem of James B., II; Larry Brown, Daryl Brown, Individually and on behalf of his minor children, Lindsey B. and Janise B.; Vanisha Brown; Deanna J. Brown Thomas, Individually and on behalf of her minor child Jackson B.; Yamma N. Brown Lumar, Individually and on behalf of her minor children, Sydney L. and Carrington L.; Tonya Brown; Robert L. Buchanan, Jr. and Adele J. Pope, as Special Administrators; Albert Dallas and Alfred A. Bradley, as Personal Representatives of the Estate of James Brown, a/k/a James Joseph Brown, Respondents,

In re: The Estate of James Brown, a/k/a James Joseph Brown, Respondent.

No. 27119.

Supreme Court of South Carolina.

Heard Jan. 10, 2012.

Decided May 2, 2012.

---

542

Max N. Pickelsimer, of Warner, Payne & Black, of Columbia, for Appellant.

Attorney General Alan Wilson, Senior Assistant Attorney General C. Havird Jones, Jr., Assistant Deputy Attorney

General Robert D. Cook, Assistant Attorney General J.C. Nicholson, III, Assistant Attorney General Mary Frances Jowers, all of Columbia; Louis Levenson, of Atlanta; Matthew Day Bodman, of Columbia; Robert N. Rosen, T. Heyward Carter, Jr., S. Alan Medlin, and David L. Michel, all of Rosen Law Firm, of Charleston; and William W. Wilkins, J. David Black, Fred L. Kingsmore, Jr., all of Nexsen Pruet, of Columbia, for Respondents.

Albert P. Shahid, Jr., of Charleston, for Guardian Ad Litem.

Justice BEATTY.

David G. Cannon appeals from an order of the circuit court awarding attorneys' fees and costs to opposing counsel in this contempt action. Cannon contends the circuit court erred (1) in failing to find the issue of attorneys' fees was moot because he had served his jail sentence for contempt, and (2) in ordering him to pay attorneys' fees and expenses incurred in matters unrelated to the contemptuous conduct for which he was sanctioned. We affirm as modified.

## I. FACTS

On December 18, 2007, the circuit court, Judge Doyet A. Early, III presiding, found Cannon in contempt of court for violating (1) an August 10, 2007 order mandating that Cannon give up all authority and cease all activities relating to the James Brown estate, the Brown trusts, and all Brown entities (which Cannon violated by filing amended tax returns without authority); and (2) an October 2, 2007 order requiring Cannon to pay back $373,000 that he had misappropriated from Brown's estate.

The circuit court ordered Cannon to be incarcerated for six months for the contempt. However, the circuit court stated Cannon could purge himself of the contempt "by the payment of the aforementioned $373,000, the payment into this court of $50,000 to be applied towards the payment of attorneys' fees incurred by the various parties, and the payment of a fine of $10,000.00."

Cannon appealed and posted an appeal bond. According to Cannon's attorney, when his bond ran out, Cannon was forced to report to the Aiken County Detention Center on February

11, 2009 to serve his sentence. Cannon was released three months later, on May 11, 2009.

The Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings; it upheld all of the circuit court's findings regarding the contempt except for the amount awarded towards attorneys' fees and the imposition of the fine. *Ex parte Cannon*, 385 S.C. 643, 685 S.E.2d 814 (Ct.App.2009). The Court of Appeals found the circuit court abused its discretion as to attorneys' fees because it did not make the necessary factual findings to support the amount awarded, so it "reverse[d] and remand[ed] the issue of attorneys' fees to the circuit court for findings of fact as to the proper amount of attorneys' fees required for indemnification." *Id.* at 667, 685 S.E.2d at 827. The Court of Appeals reversed the fine, stating the circuit court did not indicate the purpose of the fine in its order, but if it was imposed for compensation purposes, it was improper because the record contained no reasonable relationship between Cannon's contemptuous conduct and the imposition of the fine. *Id.* at 668, 685 S.E.2d at 827–28. No further appeal was taken from this decision and the remittitur was issued, thus returning the case to the circuit court.

On remand, the circuit court, Judge Early again presiding, held a hearing for the sole purpose of making findings of fact regarding the proper amount of attorneys' fees to be awarded for indemnification, i.e., to reimburse the parties for attorneys' time related to the issue of Cannon's contemptuous conduct. By order of June 18, 2010, the circuit court ruled Cannon should pay attorneys' fees and costs in the amount of $113,047.91 incurred by Atlanta attorney Louis Levenson's clients.[1] Cannon appealed from this order, and the case was transferred from the Court of Appeals to this Court.

## II.  LAW/ANALYSIS

### A.  Mootness of Attorneys' Fees

Cannon first argues the circuit court erred in failing to find the issue of attorneys' fees was moot because he had served

---

1. Levenson represents a number of Brown's children and grandchildren. He was the only attorney present seeking attorneys' fees (on behalf of himself and his firm) in this matter.

his sentence for contempt. Cannon contends the award for attorneys' fees was included in the contempt order solely as a purge remedy, i.e., the order provided him with the choice of serving the jail sentence *or* purging his sentence by paying certain funds totaling $433,000, which included $50,000 towards attorneys' fees, into the court. Cannon asserts that, "[h]aving served the entirety of his jail sentence, [he] has complied with the December 18, 2007 Order and a determination of the proper amount of attorneys' fees is now moot."

In support of his argument, Cannon primarily cites *Jordan v. Harrison*, 303 S.C. 522, 524, 402 S.E.2d 188, 189 (Ct.App. 1991) ("[W]here one held in contempt for violation of a court order complies with the order, his compliance renders the issue of contempt moot and precludes appellate review of the contempt proceeding."), and *Garland v. Tanksley*, 99 Ga.App. 201, 107 S.E.2d 866, 870 (1959) ("Where a jail sentence is imposed for a contempt of court, and such sentence has been served in its entirety at the time the writ of error is presented for argument to the appellate court, it will be dismissed as moot.").

As an initial matter, we note there is no indication Cannon made this argument to the Court of Appeals when it originally heard his appeal from the contempt order, even though he had been released from jail by the time of oral argument. Further, Cannon did not seek review of the Court of Appeals' decision, which affirmed the imposition of attorneys' fees and remanded to the circuit court only the issue of the proper *amount* of attorneys' fees necessary for indemnification. Thus, the issue does not appear to be properly before us. *See generally Jones v. Lott*, 387 S.C. 339, 692 S.E.2d 900 (2010) (stating an unchallenged or unappealed ruling, whether right or wrong, is the law of the case); *Hurst v. Sumter County*, 189 S.C. 376, 1 S.E.2d 238 (1939) (noting the general rule in civil cases that issues must be raised at the earliest opportunity, or they will be considered waived); *Salley v. McCoy*, 186 S.C. 1, 195 S.E. 132 (1937) (holding the conclusions announced in a prior appeal would not be disturbed in a subsequent appeal).

In any event, the cases cited by Cannon are inapposite. In the first case, the defendant was held in contempt for failing

to pay child support and sentenced to two months in jail, which he could purge by paying the arrearages and a fine. *Jordan*, 303 S.C. at 523, 402 S.E.2d at 188. The defendant paid the amounts as ordered and then appealed. *Id.* The Court of Appeals found Harrison's compliance with the order rendered his appeal moot. *Id.* at 524, 402 S.E.2d at 189. In contrast, Cannon did not comply with the circuit court's order, which, among other things, required him to return $373,000 misappropriated from Brown's estate.

In the second case, attorney Garland was found in contempt for his inappropriate conduct and remarks during a trial and sentenced to a total of 40 days in jail. *Garland*, 107 S.E.2d at 868. The Georgia Court of Appeals ruled the trial court abused its discretion in refusing to grant Garland's petition for a supersedeas so that his appeal would not become moot if his time in jail ended before his appeal could be heard. *Id.* at 873. In *Garland*, unlike the current matter, the contempt order imposed *only* jail time and did not require the payment of attorneys' fees to indemnify the opposing party. In addition, the order provided no method for purging the contempt and was more akin to criminal, not civil, contempt.[2]

Moreover, under South Carolina law, the payment of attorneys' fees is not considered part of the punishment; rather, it is for indemnification.

■ "Civil contempt differs from criminal contempt in that it seeks only to 'coerc[e] the defendant to do' what a court had previously ordered him to do." *Turner v. Rogers*, —— U.S. ——, 131 S.Ct. 2507, 2516, 180 L.Ed.2d 452 (2011) (alteration in original) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442, 31 S.Ct. 492, 55 L.Ed. 797 (1911)). "[O]nce a

---

**2.** *Cf. Turner v. Rogers*, —— U.S. ——, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011) (holding civil contempt case was not moot where the dispute was capable of repetition, yet evading review; Turner had been imprisoned on several occasions for civil contempt for failure to pay child support and would likely suffer future imprisonment); *State v. Passmore*, 363 S.C. 568, 611 S.E.2d 273 (Ct.App.2005) (finding Passmore's appeal after serving her sentence for criminal contempt was not moot based on exceptions to the mootness doctrine; the issue was capable of repetition, but evading review, and Passmore could continue to be affected by collateral consequences).

civil contemnor complies with the underlying order, he is purged of the contempt and is free." *Id.*

■ "In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees." *Poston v. Poston,* 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998); *see also Miller v. Miller,* 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct.App.2007) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory.").

■ "The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding." *Poston,* 331 S.C. at 114, 502 S.E.2d at 90. "Thus, the court is not required to provide the contemnor with an opportunity to purge himself of these attorney's fees in order to hold him in civil contempt." *Id.*

■ Contrary to Cannon's assertion, attorneys' fees were awarded as indemnification and they are not subject to being "purged" as he now argues. *See id.* Moreover, Cannon failed to comply with the orders, and his jail sentence could not operate as a "purge." *Turner,* 131 S.Ct. at 2516. Consequently, we hold the circuit court did not err in rejecting Cannon's assertion that the issue of attorneys' fees was rendered moot by the service of his jail sentence.

## B. Amount of Attorneys' Fees

Cannon next contends the circuit court abused its discretion in determining the amount of attorneys' fees because Levenson was awarded "reimbursement for myriad fees and expenses arising from conduct totally unrelated to enforcement of the August 10, 2007 and October 2, 2007 orders, including approximately $24,000.00 in fees and expenses incurred prior to the entry of either Order."

■ "Compensatory contempt is a money award for the plaintiff when the defendant has injured the plaintiff by violating a previous court order." *Curlee v. Howle,* 277 S.C. 377, 386, 287 S.E.2d 915, 919 (1982). "[T]he compensatory award should be limited to the complainant's actual loss." *Id.* at 387, 287 S.E.2d at 920. "Included in the actual loss are the costs in

defending and enforcing the court's order, including litigation costs and attorney's fees." *Id.*

■ "The burden of showing what amount, if anything, the complainant is entitled to recover by way of compensation should be on the complainant." *Id.* The determination of the amount of the award is within the court's discretion. *Poston,* 331 S.C. at 114, 502 S.E.2d at 90; A.S. Klein, Annotation, *Allowance of Attorneys' Fees in Civil Contempt Proceedings,* 43 A.L.R.3d 793, 797 (1972 & Supp.2011).

■ The circuit court convened the hearing on remand on May 20, 2010 solely to address the appropriate amount of attorneys' fees to be awarded in the contempt matter. At that hearing, Levenson explained that he first became involved in the case in January 2007 and that he had expended considerable time in dealing with various matters concerning Brown's estate. Upon questioning, Levenson acknowledged that his affidavit and expense list was broader than the scope of the contempt issue as he was uncertain what would be covered in this particular hearing. The circuit court directed Levenson to file an amended affidavit and expense sheet to seek reimbursement for fees and expenses directly related to the two matters for which Cannon was found in contempt in the December 18, 2007 order: (1) Cannon's failure to pay the $373,000 ordered by the court on October 2, 2007, and (2) Cannon's participation in amending the tax returns in violation of the August 10, 2007 order that removed him from his fiduciary position.

In his amended affidavit dated June 4, 2010, Levenson stated he is a Georgia attorney working at the law firm of Levenson & Associates in Atlanta, and he represents some of Brown's children and grandchildren. Levenson stated he was hired on a contingency fee basis, so he had to reconstruct the legal work he performed "in order to accurately apportion" the legal time incurred by himself and his staff "with respect to David G. Cannon's contempt and the matters related to efforts by affiant in finding and turning over assets and documents held by David G. Cannon to the parties and to the Court." Levenson attached exhibits listing $87,891.25 for legal fees and $25,156.66 for expenses related "exclusively [to]

the discovery and citation proceedings." The total amount sought in reimbursement was $113,047.91.

Citing the six-part test contained in *Taylor v. Medenica*, 331 S.C. 575, 580, 503 S.E.2d 458, 461 (1998), the circuit court stated the fees and expenses incurred by Levenson, including 277.9 legal hours and 51.75 paralegal hours, were reasonable. The court found the fees covered the time period in question and "were related to discovery issues surrounding the willful contempt involving issues such as the tax returns, and that such fees were reasonable and necessary in pursuit of enforcement of this Court's previous orders and ultimately finding Cannon in contempt."

The circuit court noted Levenson is an attorney in good standing with both the Georgia and the South Carolina Bars, and has been a member of each since 1978 and 1994, respectively; that the work resulted in a beneficial result to Levenson's clients, as well as the trust and estate; the amount of fees is commensurate with what the court would expect in a similar case; the fees were incurred in engaging in complex discovery matters and hearings before the court; and both the fees and expenses incurred were reasonable and necessary in pursuit of enforcement of the court's prior orders.

We find no abuse of discretion in the circuit court's decision to award attorneys' fees and expenses in this case, nor in its evaluation of the *Taylor* factors. However, upon reviewing the amended affidavit and the updated and redacted expense sheet, it appears these documents still include some items that are not related solely to the two matters for which Cannon was found in contempt in this action, as there are line entries that predate the earliest of the two orders that Cannon was accused of violating. Although Levenson is entitled to reimbursement for discovery relating to enforcement of the orders for which Cannon was held in contempt, he is not entitled, in this particular proceeding, to seek reimbursement for fees and costs related to discovery in other, ongoing matters involving the Brown estate. As a result, we modify the award $113,047.91 to reduce it by the $24,000 Cannon has alleged is unrelated to the specific matters for which Cannon was held in contempt in this case.

## III. CONCLUSION

We conclude the circuit court properly found the issue of attorneys' fees was not mooted by Cannon's service of his jail sentence. We further conclude the circuit court did not abuse its discretion in making an award of attorneys' fees and costs, but we modify the award to reduce it by the $24,000 incurred in matters unrelated to the contemptuous conduct for which Cannon was sanctioned in this particular proceeding, for a total amount due of $89,047.91.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., PLEICONES, KITTREDGE and HEARN, JJ., concur.