**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

In the Matter of James A. Trippe, III  Deceased

Gene D. Morin, Conservator for Katelin Trippe, Respondent-Appellant,

v.

James Trippe, Jr., individually and as Personal Representative of the Estate of James A. Trippe, III, Appellant-Respondent.

Appellate Case No. 2014-001401

―――――――――――

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2016-UP-393
Heard June 16, 2016 – Filed August 3, 2016

―――――――――――

**AFFIRMED**

―――――――――――

O.W. Bannister, of Bannister, Wyatt & Stalvey, LLC, and Michael T. Coulter, of Clarkson Walsh Terrell & Coulter, P.A., both of Greenville, for Appellant-Respondent.

Jacqueline H. Patterson and Nathaniel C. Farmer, both of Patterson & Associates, P.A., of Greenville, for Respondent-Appellant.

_____

**PER CURIAM:** Both parties appealed the circuit court's order affirming the probate court's finding of contempt against Appellant-Respondent James Trippe, Jr., individually and as Personal Representative of the Estate of James A. Trippe, III. Appellant-Respondent argued (1) the circuit court erred because the contempt finding was based on an arbitrary date and dependent on the actions of a foreign court and (2) the award of attorney's fees should be reversed. Respondent-Appellant Gene D. Morin, Conservator for Katelin Trippe, argued the circuit court erred when it (1) reduced the amount of attorney's fees, (2) made factual findings that were unsupported by the record, and (3) denied a motion to dismiss.

1.      We affirm the circuit court's ruling that Appellant-Respondent was only in contempt of the probate court's December 2012 order. That order required him to file a recorded copy of the deed to the Bahamian lots no later than February 1, 2013. Although we are mindful of the difficulty of transferring property in a foreign jurisdiction, the evidence in the record showed Appellant-Respondent took only limited steps to even begin the transfer process before the February 1 deadline. Additionally, we note the circuit court has broad discretion in assessing matters of contempt. *See Stone v. Reddix-Smalls*, 295 S.C. 514, 516, 369 S.E.2d 840, 840 (1988) ("On appeal, a decision regarding contempt should be reversed only if it is without evidentiary support or the trial judge has abused his discretion.").

2.      We hold the circuit court properly exercised its discretion when it reduced the award of attorney's fees to $4,500. *See Cannon v. Georgia Att'y Gens. Office*, 397 S.C. 541, 549, 725 S.E.2d 698, 702 (2012) ("The determination of the amount of the award is within the [lower] court's discretion."). We agree with the circuit court that the probate court's initial award of $19,079.71 was excessive and unsupported by the evidence in light of the work required to litigate the contempt question. We further agree that Respondent-Appellant should not receive fees for efforts he expended before the issuance of the December 2012 order. *See id.* at 550, 725 S.E.2d at 703 (reducing a circuit court's award of attorney's fees to exclude expenses unrelated to the matters for which appellant was held in contempt); *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007) ("Compensatory contempt seeks to reimburse the party for the costs it incurs

in forcing the non-complying party to obey the court's orders."); *Poston v. Poston*, 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998) ("The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding.").

3.      We find no error in the circuit court's denial of Respondent-Appellant's motion to dismiss concerning the alleged disqualification of attorney Bannister. Notably, evidence gleaned from the record and during oral argument demonstrates Appellant-Respondent hired Bannister in January 2013 to assist him in complying with the December 2012 order.  We fail to see how such representation would constitute a conflict of interest in this specific factual scenario.  *See McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("Appellate courts recognize-or at least they should recognize-an overriding rule of civil procedure which says: whatever doesn't make any difference, doesn't matter.").

4.      Finally, in light of our disposition of the prior issues, it is not necessary to address Respondent-Appellant's remaining issue concerning unsupported factual findings in the record.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when the disposition of prior issues is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**