**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alyssa Hughes, Appellant,

v.

Rafael C. Russi Corretjer, Respondent.

Appellate Case No. 2021-000140

———————

Appeal From Lancaster County
Debra A. Matthews, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-411
Submitted November 1, 2022 – Filed November 23, 2022

———————

**AFFIRMED**

———————

Thomas Franklin McDow, IV, and Erin K. Urquhart, both of McDow and Urquhart, LLC, of Rock Hill, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

———————

**PER CURIAM:** Alyssa Hughes (Mother) appeals a family court order holding her in contempt and granting Rafael Corretjer (Father) $2,000 in attorney's fees. Mother argues (1) she did not intentionally violate a "paramour clause" in the parties' divorce decree, (2) the family court failed to rule on her affirmative

defenses, and (3) the family court misapplied the law regarding attorney's fees. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not err in holding Mother in contempt for violating the paramour clause because the paramour clause clearly prohibited either party from having a paramour stay overnight while the children were present. *See Welchel v. Boyter*, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The language of the commands must be clear and certain rather than implied.").

2. We hold that although the family court did not address Mother's affirmative defenses in its order, the record is sufficient for this court to "make its own findings of fact in according with the preponderance of the evidence." *See Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991) (stating that when a family court order does not comply with Rule 26(a), SCRFC, the appellate court may, "where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence"). Based on our review of the record, we hold the doctrine of unclean hands did not bar Father from seeking to have Mother held in contempt for violating the paramour clause because Mother's allegation that Father acted unfairly by reneging on certain financial responsibilities was not the subject of this litigation. *See Wilson v. Gandis*, 430 S.C. 282, 308, 844 S.E.2d 631,645 (2020) ("The doctrine of unclean hands 'precludes a plaintiff from recovering in equity if he acted unfairly *in a matter that is the subject of the litigation to the prejudice of the defendant*.'" (emphasis added) (quoting *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 107 n.2, 531 S.E.2d 287, 292 n.2 (2000))). We also hold Mother's assertion of condonation is not a proper defense to a contempt action. *See Nemeth v. Nemeth*, 325 S.C. 480, 488, 481 S.E.2d 181, 185 (Ct. App. 1997) ("As a defense in a divorce action, condonation means 'forgiveness, express or implied, by one spouse for a breach of marital duty by the other.'") (quoting *McLaughlin v. McLaughlin*, 244 S.C. 265, 272, 136 S.E.2d 537, 540 (1964))). Finally, we hold Mother's reliance on advice from her divorce attorney does not excuse her contemptuous conduct. *See Campione v. Best*, 435 S.C. 451, 459, 868 S.E.2d 378, 382 (Ct. App. 2021) (noting this court has "decline[d] to permit the mere advice of counsel to immunize parties from claims of contemptuously disobeying plain and explicit orders").

3. We hold the family court did not err in awarding Father $2,000 in attorney's fees. *See Poston v. Poston*, 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998) ("In a civil contempt proceeding, a contemnor may be required to reimburse a

complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees. The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding."). Although Father prevailed on only one of his two contempt allegations against Mother, the family court directed Mother to reimburse him for only a portion of his attorney's fees. Furthermore, the family court denied Father's request for reimbursement of the funds he paid to a private investigator for surveillance on Mother's residence. Based on these circumstances, we hold the family court acted within its discretion in determining Father was entitled to only a portion of what he sought in attorney's fees. *See Cannon v. Ga. Att'y Gens. Off.*, 397 S.C. 541, 549, 725 S.E.2d 698, 702 (2012) (stating the amount of an attorney's fee award in a compensatory contempt proceeding is within the court's discretion).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.