CHARLES N. FINNELL, *Receiver v.* PEOPLES BANK OF KEYSER *et al.*

(No. 8229)

Submitted October 1, 1935. Decided December 14, 1935.

*Charles N. Finnell,* for appellant.

*Campbell, McClintic & James,* for appellee American Surety Company of New York.

LITZ, PRESIDENT:

One of the purposes of this suit is to recover an overpayment, of $4,797.77, by the receiver of an insolvent bank to one of its creditors, on the ground that the payment was induced by mistake of law.

July 5, 1921, Peoples Bank of Keyser, as a county depository of Mineral County, executed bond with American Surety

756

Company as surety, in the penalty of $50,000.00. On April 27, 1922, the state commissioner of banking closed the bank and appointed plaintiff, Charles N. Finnell, receiver thereof to liquidate and administer its assets. The bank was then liable as county depository of Mineral County in the sum of $43,958.33. The amount having been reduced by dividends from the receivership and the proceeds of collateral securing the bond, the balance of $10,198.00 was paid by the surety company to the sheriff. Thereafter, the surety company instituted an action against the receiver to recover the amount so paid upon the theory that the liability of the bank as county depository constituted a preferred claim against its assets in the hands of the receiver, under the ruling in *Woodyard* v. *Sayre,* 90 W. Va. 295, 110 S. E. 689, 24 A. L. R. 1497, decided March 21, 1922; and that, by discharging the debt, the surety had obtained a preference over general creditors for repayment thereof. The *Woodyard* case held that "the surety on the bond of a defaulting sheriff having paid and satisfied to the State the amount of the defalcation in discharge of the conditions in his bond, is entitled to be subrogated to all the rights of the State, county or other municipal authority, including the priority and preference over general creditors, in the distribution of the estate of such insolvent and defaulting officer." The public debt there discharged by the surety was for "state, county and other taxes" collected and unaccounted for by the sheriff. Relying upon this decision, the receiver, at the direction of the commissioner of banking (pursuant to section 81a, chapter 54, Code 1923), paid the claim in full April 30, 1924. On September 15, 1925, this Court definitely held in the case of *Calhoun County Court* v. *Mathews,* 99 W. Va. 483, 129 S. E. 999, 52 A. L. R. 751, that a county had no prerogative right of preference over general creditors in the administration of an insolvent estate.

The basis of recovery is that the payment, by the receiver to the surety company, was induced by a mistake of law in reliance upon the decision in the *Woodyard* case. The trial court, upon demurrer, dismissed the original and amended bills as to the surety company. The grounds of demurrer are

(1) that the payment by the receiver under a mistake of law cannot be recovered; and (2) that the right of action, if any, is barred by laches and the statute of limitations.

The source of the funds, constituting the indebtedness of the bank, under the depository bond, is not revealed. Presumably they consisted of general taxes collected by the sheriff, as in the *Woodyard* case. The receiver is a capable, painstaking lawyer and evidently reached his decision to pay the claim in view of the facts and conclusion of this Court in that case; and, as already noted, he acted under the direction and authority of the commissioner of banking. But there are few exceptions to the rule (sustained by practically unanimous judicial decision) that money paid under mistake of law cannot be recovered. We find none justifying relief in this case. *Metzger* v. *Greiner*, 9 Ohio Cir. Ct. R. (N. S.) 364; Annotation, 15 L. R. A. (N. S.) 183; 28 L. R. A. (N. S.) 440; 19 Ann. Cas. 794; 42 A. L. R. 307; 48 A. L. R. 1381; 53 A. L. R. 949; 63 A. L. R. 1346; 75 A. L. R. 658; Williston on Contracts, sec. 1590.

The ruling of the circuit court is, therefore, affirmed.

*Affirmed.*