1162

Edward G. GOLDEN, Appellant v.
Jolene (Golden) GALLARDO, Respondent.
(368 S. E. (2d) 684)

Court of Appeals

*C. Dixon Lee, III*, of *McLaren & Lee*, Columbia, and *Joseph O. Burroughs, Jr.*, Conway, *for appellant.*

*George M. Hearn, Jr.*, of *Hearn & Corbett*, Myrtle Beach, *for respondent.*

Heard March 14, 1988.

Decided May 9, 1988.

*Per Curiam:*

The appealed order awarded the respondent Jolene Gallardo $7,791.41, consisting of $3,136.05 in attorney fees and $4,655.36 in expenses in connection with post-divorce litigation concerning visitation and support of the parties' two minor sons. The father, Edward Golden, excepted to this award. We affirm the award of attorney fees and costs, but reverse and remand the award of expenses for additional findings of fact.

The father is a Florida citizen presently living in the Washington, D. C. area. The mother, her present husband and the children live in New Mexico. The parties married in 1971 and were divorced in 1979 in North Carolina. The divorce decree granted the mother custody of the children, gave the father reasonable visitation privileges and required him to pay child support.

On the mother's motion an amended order was filed in North Carolina May 31, 1984. That order increased the father's child support payments, set specific terms for visitation, and transferred jurisdiction for further child custody and support determinations to South Carolina, where the mother and children were living at the time.

The mother remarried in October 1984. In February 1985 she and the two children moved with her present husband to New Mexico.

The father filed the present action in South Carolina in July 1985, alleging that the mother was in contempt for violating the visitation terms of the May 31, 1984 order. By answer and counterclaim, dated July 31, 1985, the mother alleged the father was in contempt because of child support arrearages and failure to comply with the May 31, 1984 order and sought restricted visitation. The father admitted the arrearage, which was paid in full August 1, 1985; he claimed he withheld support because the mother refused to allow him to contact the children.

After the merits hearing, the trial judge issued an order on February 27, 1986, finding neither party in contempt, setting new restricted visitation terms between the father and each of the two children, and ordering wage withholding to ensure future compliance by the father with his support obligations. The order also directed the parties' attorneys to submit affidavits regarding costs and fees for determination at a later date. On June 12, 1986, the trial judge issued the appealed order awarding the mother attorney fees, costs and expenses totaling $7,791.41.

The thrust of the father's argument on appeal is that the assessment of attorney fees and costs and expenses against him was an abuse of discretion given his success in the trial court in having his visitation rights enforced against the mother's "unsuccessful defense and resistance." We disagree with his characterization of the result. In her answer and counterclaim the mother clearly requested that the father's visitation privileges be restricted, not terminated, and she successfully obtained this relief as well as payment of back support and wage withholding for future payments. Furthermore, the trial judge found the mother's actions were not willful violations of the order then in effect. Finally, we find no merit to the father's argument that because the mother could have sought a court order to limit his visitation had she deemed it necessary rather than force him to initiate the action, he should not pay her expenses. Regardless of which party brought the action, attorney fees, costs and expenses are recoverable. Sections 20-7-420(2), 20-7-804(c), Code of Laws of South Carolina (1976): *Garris v. McDuffie*, 288 S. C. 637, 344 S. E. (2d) 186 (Ct. App. 1986).

Although the appealed order did not comply with Family Court Rule 27(C), we sustain the attorney fees on the record before us. *Sumter v. Sumter*, 280 S. C. 94, 311 S. E. (2d) 88 (Ct. App. 1984).

Under Section 20-7-804(c), *supra*, the trial judge had the authority to require the father to pay for travel and other necessary expenses of the mother and children. The trial judge's itemization of the award, however, shows only allowances for federal express delivery charges and long-distance calls plus three lump-sum allowances for total expenses purportedly incurred in connection with each of three trips to South Carolina. The record suggests that some of these purported travel expenses may not have been necessary to this litigation; some of the receipts supporting the mother's affidavit reflect expenses in cities with no discernible relation to the issues before the court. Because the trial judge did not explain the expenses awarded and because we are unable to verify them based on the record, we reverse and remand the award of $4,655.36 in expenses for further findings of fact in accordance with Family Court Rule 27(C).

For the foregoing reasons the appealed order is affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part, and remanded.