502 S.E.2d 86

**Wilma R. POSTON, Respondent,**

**v.**

**William S. POSTON, Petitioner.**

**No. 24802.**

Supreme Court of South Carolina.

Heard Feb. 17, 1998.

Decided June 8, 1998.

Rehearing Denied July 17, 1998.

John O. McDougall and Patricia L. Forbis, both of McDougall & Self, L.L.P., Sumter, for petitioner.

Frederick K. Jones, Florence; and Barbara Tolson–Haywood, Hartsville, for respondent.

BURNETT, Justice:

In this domestic action, respondent, Wilma R. Poston, was adjudged guilty of contempt for failing to abide by prior orders of the family court. The Court of Appeals reversed and remanded finding the judge applied the wrong standard of proof in holding respondent in criminal contempt. *Poston v. Poston*, Op. No. 96–UP–431 (S.C.Ct.App. filed November 26, 1996) (Cureton, J. concurring and dissenting). We affirm as modified in part; reverse in part; and remand.

## FACTS

The parties were married in 1970. They had four children. In 1992, the family court issued a decree of separate maintenance and support and awarded custody of the children to petitioner. In 1993, the family court terminated respondent's visitation and barred her from having any personal and telephone contact with two of the parties' minor children. The court also restrained respondent from going within one block of the marital home where the children resided and from going to their schools, sporting events and church events.

In September 1994, the family court issued an order and rule to show cause following petitioner's filing of a contempt petition. At the hearing, petitioner produced evidence demonstrating respondent violated the 1993 order by visiting the home and telephoning the children on several occasions. In its order issued in 1995, the court found respondent willfully violated the 1993 order. The family court ruled as follows:

> [Respondent] is in willful contempt. She shall be sentenced to 120 days incarceration but *may purge* herself of contempt by strict compliance with this Order and the prior Order [December 21, 1993]. An additional restriction shall be imposed to prohibit [respondent] from coming within 50 yards of the children; and [respondent] shall be required to pay the attorney's fees as ordered herein.

(emphasis added).

The Court of Appeals reversed this order finding the family court judge held respondent in criminal contempt and applied the wrong standard of proof. The Court of Appeals remanded the matter to the family court for further proceedings. *Id.* Judge Cureton disagreed with the majority's holding that respondent was held in criminal contempt. However, he recommended reversing the family court order to the extent it can be read to impose sanctions in advance for a violation of the new restriction included in the contempt order issued in 1995. *Id.*

## ISSUES

I. Did the Court of Appeals err in finding the family court held respondent in criminal contempt?

II. Did the Court of Appeals err in vacating the award of attorney's fees to petitioner?

## DISCUSSION

### I.

Petitioner argues the Court of Appeals erred in finding respondent was held in criminal contempt. We agree.

 The major factor in determining whether a contempt is civil or criminal is the purpose for which the power is exercised, including the nature of the relief and the purpose for which the sentence is imposed. 17 Am.Jur.2d *Contempt* § 9 (1990); *see also Hicks v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); *State v. Magazine*, 302 S.C. 55, 393 S.E.2d 385 (1990), *abrogated on other grounds by, State v. Easler*, 327 S.C. 121, 489 S.E.2d 617 (1997). The purpose of civil contempt is "to coerce the defendant to do the thing required by the order for the benefit of the complainant." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797, 806 (1911). The primary purposes of criminal contempt are to preserve the court's authority and to punish for disobedience of its orders. *State v. Bevilacqua*, 316 S.C. 122, 447 S.E.2d 213 (Ct.App.1994). "If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Hicks v. Feiock*, 485 U.S. at 631, 108 S.Ct. at 1429, 99 L.Ed.2d at 731 (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. at 441, 31 S.Ct. at 498, 55 L.Ed. at 806).

 "An unconditional penalty is criminal in nature because it is 'solely and exclusively punitive in nature.'" *Hicks v. Feiock*, 485 U.S. at 633, 108 S.Ct. at 1430, 99 L.Ed.2d at 732 (citing *Penfield Co. v. SEC*, 330 U.S. 585, 593, 67 S.Ct. 918, 922, 91 L.Ed. 1117, 1124 (1947)). "The relief 'cannot undo or remedy what has been done nor afford any compensation and the contemnor cannot shorten the term by promising not to repeat his offense.'" *Hicks v. Feiock*, 485 U.S. at 633, 108 S.Ct. at 1430, 99 L.Ed.2d at 732 (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. at 442, 31 S.Ct. at 498, 55 L.Ed. at 806). "If the relief provided is a sentence of imprisonment,

. . . it is punitive if the sentence is limited to imprisonment for a definite period." *Hicks v. Feiock*, 485 U.S. at 632, 108 S.Ct. at 1429, 99 L.Ed.2d at 731; *see also State v. Magazine, supra.* If the sanction is a fine, it is punitive when it is paid to the court. However, a fine that is payable to the court may be remedial when the contemnor can avoid paying the fine simply by performing the affirmative act required by the court's order. *Hicks v. Feiock, supra; State v. Magazine, supra.*

In civil contempt cases, the sanctions are conditioned on compliance with the court's order. *Hicks v. Feiock, supra; State v. Magazine, supra.* "The conditional nature of the punishment renders the relief civil in nature because the contemnor 'can end the sentence and discharge himself at any moment by doing what he had previously refused to do.' " *Hicks v. Feiock*, 485 U.S. at 633, 108 S.Ct. at 1430, 99 L.Ed.2d at 732 (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. at 442, 31 S.Ct. at 498, 55 L.Ed. at 806). "If the relief provided is a sentence of imprisonment, it is remedial if the defendant stands committed unless and until he performs the affirmative act required by the court's order. . . ." *Hicks v. Feiock*, 485 U.S. at 632, 108 S.Ct. at 1429, 99 L.Ed.2d at 731. "Those who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets.' " *Hicks v. Feiock*, 485 U.S. at 633, 108 S.Ct. at 1430, 99 L.Ed.2d at 732 (citing *Penfield Co. v. SEC*, 330 U.S. at 590, 67 S.Ct. at 921, 91 L.Ed. at 1123). If the sanction is a fine, it is remedial and civil if paid to the complainant even though the contemnor has no opportunity to purge himself of the fine or if the contemnor can avoid the fine by complying with the court's order. *Hicks v. Feiock, supra; State v. Magazine, supra; see also In re General Motors Corp.*, 61 F.3d 256 (4th Cir.1995), *opinion after remand*, 110 F.3d 1003 (4th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 61, 139 L.Ed.2d 24 (1997) (remedies for civil contempt include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees); 17 Am.Jur.2d *Contempt* § 237 (1990) (court may impose a fine payable to the aggrieved party as compensation for losses sustained); Annotation, *Right of Injured Party to Award of Compensatory Damages or Fine in Contempt Proceeding*, 85 A.L.R.3d 895 (1978); *United States v. United Mine Workers of America*, 330 U.S. 258, 67 S.Ct. 677, 91

L.Ed. 884 (1947); *Curlee v. Howle,* 277 S.C. 377, 287 S.E.2d 915 (1982) (contempt was civil where appellant could purge himself of one year sentence by paying respondent's expenses she incurred in recovering the children from appellant). *Compare with State v. Magazine, supra* (because contemnor could not purge himself of the contempt by merely complying with the court's order where contemnor was ordered to serve one year in prison or *pay to the court* a fine of $1500.00 the contempt was criminal).

■■■■ Civil contempt must be proven by clear and convincing evidence. *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (burden of proof in civil contempt proceeding is clear and convincing); *In re General Motors Corp., supra* (civil contempt must be proven by clear and convincing evidence); 17 Am.Jur.2d *Contempt* § 207; *see also Moseley v. Mosier,* 279 S.C. 348, 306 S.E.2d 624 (1983) (willfulness of the violation must be shown by clear and specific acts or conduct); *Curlee v. Howle, supra* (before a person may be held in contempt, the record must be clear and specific as to the acts or conduct upon which such finding is based). In a criminal contempt proceeding, the burden of proof is beyond a reasonable doubt. *State v. Bowers,* 270 S.C. 124, 241 S.E.2d 409 (1978); *State v. Bevilacqua, supra.*

The United States Supreme Court has held a defendant charged with a serious as opposed to a petty criminal contempt is entitled to a jury trial. *See Codispoti v. Pennsylvania,* 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974) (a contemnor had no right to a jury trial where the sentence imposed is confinement for six months or less); *Frank v. U.S.,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969) (lengthy probation was not serious enough to entitle contemnor to a jury trial); *Muniz v. Hoffman,* 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975) (payment of a $10,000 fine was not serious). *But see Ex Parte Griffin,* 682 S.W.2d 261 (Tex.1984) (a $104,000 fine and a sentence to jail for 30 days was a serious offense entitling the contemnor to a jury trial). A civil contempt proceeding does not require a jury trial. *Shillitani v. U.S.,* 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) (no jury trial is required for a civil contempt proceeding even though the resulting imprisonment may be long because the

contemnor may avoid the sanction by complying with the court's order); *see also* 17 Am.Jur.2d *Contempt* § 203.

 In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees. The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding. Thus, the court is not required to provide the contemnor with an opportunity to purge himself of these attorney's fees in order to hold him in civil contempt. *See Whetstone v. Whetstone,* 309 S.C. 227, 420 S.E.2d 877 (Ct.App.1992) (court properly awarded wife attorney's fees incurred as the result of husband's contempt); 17 Am.Jur.2d *Contempt* § 241 (it is within the trial court's discretion to award reasonable attorney's fees to the prevailing party in a civil contempt proceeding); A.S. Klien, Annotation, *Allowance of Attorney's Fees in Civil Contempt Proceedings,* 43 A.L.R.3d 793 (1972); *see also Curlee v. Howle, supra; Golden v. Gallardo,* 295 S.C. 393, 368 S.E.2d 684 (1988) (attorney's fees are recoverable in post-divorce litigation concerning visitation and support of parties' minor children). A governmental body, as a complainant, may recover attorney's fees in a successful contempt proceeding, provided no statute prohibits recovery. *Donovan v. Burlington Northern Inc.,* 781 F.2d 680 (9th Cir.1986) (an award of attorney's fees to the governmental agency, the complainant, is within the court's discretion); *Matter of St. Charles Mfg. Co.,* 663 F.Supp. 310 (N.D.Ill. 1987) (holding an award of attorney's fees to government was proper because such an award is within the inherent power of the court to remedy civil contempt); *United States v. Greyhound Corp.,* 370 F.Supp. 881 (N.D.Ill.1974) (upon a finding of civil and/or criminal contempt, a court may award to the complainant, as part of the civil relief, attorney's fees); 17 Am.Jur.2d *Contempt* § 243. Although usually a complainant is not entitled to attorney's fees in a criminal contempt proceeding, depending on the circumstances, such an award may be proper. 17 Am.Jur.2d *Contempt* § 247. After all, the award of attorney's fees is not part of the punishment; instead, this award is made to indemnify the party for expenses incurred in seeking enforcement of the court's order.

The following are examples of civil contempt sanctions:

I. The contemnor is ordered to pay a fine to the court; however, he may purge himself of the fine by complying with the prior court order.

II. The contemnor is given a jail sentence to be served until he agrees to comply with the prior court order.

III. The contemnor is ordered to pay a fine/damages to complainant and is ordered to pay a fine to the court; however, the contemnor may purge himself of the fine payable to the court by complying with the prior court order.

IV. The contemnor is ordered to pay a fine/damages to complainant and is given a jail sentence to be served until he agrees to comply with the prior court order.

The following are examples of criminal contempt sanctions:

I. The contemnor is ordered to pay a fine to the court. Even if the contemnor performs the affirmative act required by the prior court order, the fine must still be paid.

II. The contemnor is sentenced to jail for a definite period of time. Even if the contemnor performs the affirmative act required by the prior court order, the contemnor must still serve the entire jail sentence.

III. The contemnor is given a choice between paying a fine to the court or serving a definite period of time in jail. The contemnor must do one or the other, thus he cannot purge himself entirely of the sanction.

 In our opinion, it is impossible to determine whether the contempt sanction in this case is criminal or civil.[1] The contempt order is not clear; instead, it is a hybrid because the sanction has characteristics of both civil and criminal contempt.

---

1. The Court of Appeals based its finding that the contempt was criminal in nature on the fact that respondent had to pay petitioner's attorney's fees regardless of whether she complied with the family court orders prohibiting her from having contact with her children. However, as discussed above, the award of the attorney's fees is not determinative. Petitioner was awarded attorney's fees for successfully bringing this matter before the family court. The family court had the discretion to determine whether to reimburse petitioner for the expenses he incurred in pursuing this matter. Thus, the court is not required to provide respondent with an opportunity to purge herself of these attorney's fees in order to hold her in civil contempt.

While the potential sentence of imprisonment is for a definite period, it will not be imposed unless and until respondent violates one of the orders at issue. This is a characteristic of civil contempt because respondent can avoid the prison sentence by complying with the orders prohibiting her from having contact with her children. Respondent can purge herself of the prison term by performing the affirmative act—complying with the family court's orders. Moreover, other language in the family court order at issue indicates the purpose of the contempt sanction is to coerce respondent to comply with the orders prohibiting her from having contact with her children, not to punish her for violating the previous court order. If the purpose of the sanction was to punish respondent for violating the order, the family court would have ordered respondent to prison immediately instead of making the sentence conditional upon future violations of the orders.

On the other hand, if respondent violates the orders prohibiting her from having contact with her children, she will go to jail for a fixed period of time with no ability to purge herself of the sentence. This is a characteristic of criminal contempt.

Further, the family court order can be read as imposing a sanction on respondent for future alleged violations of the orders without any determination by a tribunal that respondent willfully violated the order on that occasion.[2] By punishing respondent for future violations without first holding a hearing to determine if respondent willfully violated the orders, the court could potentially violate respondent's due process rights under the Fourteenth Amendment of the United States Constitution and Article I, § 3 of the South Carolina Constitution. *See Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968) (most procedural requirements applicable to other criminal trials are applicable to a hearing on criminal contempt including notice and an opportunity to be heard); *Hicks v. Feiock,* 485 U.S. at 632, 108 S.Ct. at 1429–30, 99 L.Ed.2d at 731–32 ("criminal penalties may not be imposed

---

**2.** Judge Cureton discussed this possibility in his concurring and dissenting opinion. *Poston, supra.* However, Judge Cureton only addressed the new restriction added in the 1995 order. He concluded the order can be read to prematurely sanction respondent for violating the new restriction in the 1995 order in the future.

on someone who has not been afforded the protections the [United States] Constitution requires of such proceedings"); *State v. Brown*, 178 S.C. 294, 182 S.E. 838 (1935), *appeal dismissed by*, 298 U.S. 639, 56 S.Ct. 750, 80 L.Ed. 1372 (1936) (due process requires a person shall have a reasonable opportunity to be heard before a legally appointed and qualified impartial tribunal before any binding order can be made affecting his rights to life, liberty, or property); 16A Am. Jur.2d *Constitutional Law* § 812 (1979) (due process requires notice and an opportunity to be heard). *Compare with Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (requiring a hearing be held prior to revoking probation because it must be determined if the violations warrant revocation); *see also* 59 Am.Jur.2d *Pardon and Parole* §§ 101 & 106 (1987). Like probation revocation, respondent cannot be punished for violating the orders in the future unless the willfulness of the violation is shown by clear and specific acts or conduct. *Moseley v. Mosier, supra.* If in the future respondent violates the family court orders, a new contempt proceeding must be initiated.

Therefore, we affirm that portion of the Court of Appeals' opinion remanding the case to the family court. However, we reverse the Court of Appeals' finding respondent was held in criminal contempt. Upon remand, the family court should clarify its intent and issue an order setting forth a contempt sanction that is either clearly criminal or clearly civil in accordance with this opinion.

## II.

■ Petitioner claims because the contempt was civil in nature, the Court of Appeals erred in vacating the award of attorney's fees to petitioner. We agree.

As discussed in Section I, the imposition of attorney's fees on respondent was not intended as part of the sanction. Instead, the family court imposed the attorney's fees on respondent because petitioner was successful in bringing this action and petitioner should be reimbursed for the expenses he incurred. Thus, we reinstate the family court's award of attorney's fees to petitioner.

**AFFIRMED AS MODIFIED IN PART; REVERSED IN PART; AND REMANDED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.