THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Cheryl A.
 DiMarco, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Brian A. DiMarco, Appellant.
 
 
 
 
 

Appeal From Greenville County
Barry W. Knobel, Circuit Court Judge

Unpublished Opinion No.  2010-UP-289
 Submitted April 1, 2010  Filed May 24,
2010

AFFIRMED AS MODIFIED

 
 
 
 Brian A. DiMarco, of Greenville, for
 Appellant.
 Kim Varner, of Greenville, for Respondent.
 
 
 

PER CURIAM: Brian A. DiMarco (Husband) appeals the
 family court's order finding him in contempt, arguing the court erred in holding him in criminal
 contempt without his attorney present and a jury trial. We affirm as modified.[1]   
In June 2008,
 Husband was ordered before the family court on a rule to show cause for
 noncompliance with a prior support order.  Two days prior to the hearing, Husband
 paid the outstanding balance on his support obligation.  At the hearing, the
 family court noted Husband was in compliance with the support order, but found
 him in contempt.  The court stated, "The
 sentence is going to be 12 months, it'll be civil contempt I will suspend that
 he is to have a $250.00 court cost that'll be due by July 11th. We'll let him
 out of detention at this point in time."
Here, the family
 court's contempt sanction has elements of both civil and criminal contempt. 
 The sanction is civil in that the jail sentence will not be imposed unless and
 until Husband fails to pay the $250 in court costs.  See Poston v. Poston, 331 S.C. 106, 112, 502 S.E.2d 86, 89 (1998) (noting the
 "conditional nature of [a] punishment renders the relief civil in nature
 because the contemnor can end the sentence and discharge himself at any moment
 by" complying the court's order).  On the other hand, the sanction is criminal in that if Husband
 fails to pay the $250 in court costs he will go to jail for a definite period
 of time.  See id. at 111-12, 502 S.E.2d at 89 (noting contempt is
 criminal "[i]f the relief provided
 is a sentence of imprisonment, .
 . . [and] the sentence is limited to imprisonment for a definite period"). 
 However, during the hearing the family court indicated several times it
 intended to hold Husband in civil contempt.  Further, in stating the sanction
 the family court indicated it was civil contempt.  We find the family court
 intended to hold Husband in civil contempt but inadvertently stated the
 sanction unclearly.  Therefore, we modify the family court's sanction to impose
 a one-year sentence that Husband may purge by payment of $250 in court costs,
 thus releasing himself from confinement.  Husband shall have fifteen days from
 the filing of this opinion to pay the $250 in court costs before the one-year
 sentence commences.  For the foregoing reasons, the decision of the family
 court is  
AFFIRMED AS MODIFIED.
HUFF,
 THOMAS, and KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.