**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory R. Ulbrich, as Personal Representative of the
Estate of Anne Ulbrich, Respondent,

v.

Richard Ulbrich, Appellant.

Appellate Case No. 2013-002205

Appeal From Beaufort County
Peter L. Fuge, Family Court Judge

Unpublished Opinion No. 2015-UP-141
Heard January 8, 2015 – Filed March 18, 2015

**AFFIRMED**

Marshall L. Horton and Lindsay Yoas Goodman, both of
Horton Law Firm, LLC, of Bluffton, for Appellant.

John S. Nichols and Blake Alexander Hewitt, both of
Bluestein Nichols Thompson & Delgado, LLC, of
Columbia; William Randall Phipps and Susan Lynn
Brach, both of Phipps & Brach, PA, of Hilton Head
Island, for Respondent.

**PER CURIAM:** In this post-divorce litigation, Richard Ulbrich (Husband) appeals a contempt order issued by the family court. In the appealed order, the family court found Husband was in contempt for failing to make certain payments to his former wife, Anne Ulbrich (Wife), that were required by the divorce decree and awarded Wife attorney's fees and expert witness fees. Husband appeals both the finding of contempt and the award of attorney's fees and costs. We affirm.[1]

1. We affirm the family court's finding that Husband was in contempt of the parties' divorce decree. The family court based this finding on several grounds, namely, (1) Husband's noncompliance with provisions in the decree regarding the division of the parties' Merrill Lynch bond account, (2) Husband's failure to reimburse Wife fees she owed to an accounting firm, and (3) Husband's failure to pay Wife a sum of money that was described in the decree as being for the purpose of "an equalization and in furtherance of an equitable division of the assets and liabilities." Husband appeals only those findings concerning the Merrill Lynch bond account. Because he did not appeal the other two grounds, either of which would independently support the finding that he was in contempt, the finding cannot be reversed by this court regardless of the merits of his arguments concerning the Merrill Lynch bond account. *See Weeks v. McMillan*, 291 S.C. 287, 292, 353 S.E.2d 289, 292 (Ct. App. 1987) ("Where a decision is based on alternative grounds, either of which independent of the other is sufficient to support it, the decision will not be reversed even if one of the grounds is erroneous."), *quoted in Narruhn v. Alea London Ltd.*, 404 S.C. 337, 345, 745 S.E.2d 90, 94 (2013).

2. Husband also challenges the award to Wife of attorney's fees and costs, arguing: (1) the contempt finding upon which the award was based was incorrect; and (2) Wife, as the prevailing party in a contempt matter, should recover only her actual loss in defending and enforcing the divorce decree. We have already affirmed the contempt finding on which the award of fees and costs was based. As to

---

[1] While this matter was pending, Wife's appellate counsel informed this court that his client had died and Gregory R. Ulbrich was appointed as the personal representative of her estate. Pursuant to Rule 265(b), SCACR, this court orders the substitution of Gregory R. Ulbrich, as Personal Representative of the Estate of Anne Ulbrich, for Anne Ulbrich as the respondent in this appeal. The caption on this opinion and any subsequent documents filed in this matter shall reflect this substitution.

Husband's second argument, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Poston v. Poston*, 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998) ("In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees."); *Curlee v. Howle*, 277 S.C. 377, 386, 287 S.E.2d 915, 919 (1982) ("Compensatory contempt is a money award for the plaintiff when the defendant has injured the plaintiff by violating a previous court order.  The goal is to indemnify the plaintiff directly for harm the contemnor caused by breaching the injunction."); *id.* at 387, 287 S.E.2d at 920 (stating the money award for compensatory contempt "should be limited to the complainant's actual loss," which includes "the costs in defending and enforcing the court's order, including litigation costs and attorney's fees").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**