**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jonathan Paul Barth, Respondent,

v.

Lyndzi Houlahan Coleman, Appellant.

Appellate Case No. 2013-001374

Appeal From Florence County
A. E. Morehead, III, Family Court Judge

Unpublished Opinion No. 2015-UP-202
Heard March 3, 2015 – Filed April 15, 2015

**AFFIRMED**

James T. McBratney, Jr., of McBratney Law Firm, P.A.,
of Florence, for Appellant.

John David Whisenhunt, Jr., of John David Whisenhunt,
Jr., P.A., of Florence, for Respondent.

**PER CURIAM:** Lyndzi Houlahan appeals from a family court order finding her in contempt and awarding Jonathan Paul Barth attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Houlahan's argument the contempt order should be reversed because the finding that she willfully disobeyed a prior custody order was not supported by proof beyond a reasonable doubt: *Lewis v. Lewis*, 392 S.C. 381, 390, 709 S.E.2d 650, 654 (2011) ("The highly fact-intensive nature of family court matters lends itself to a respect for the factual findings of our able and experienced family court judges[,] who are in a superior position to assess the demeanor and credibility of witnesses."); *Durlach v. Durlach*, 359 S.C. 64, 70, 596 S.E.2d 908, 912 (2004) ("When reviewing the factual findings of the family court, [the appellate court] may take its own view of the preponderance of the evidence.  But if the evidence is in dispute, the appellate court should give the trial judge['s] findings broad deference." (citation omitted)); *id.* at 76, 596 S.E.2d at 915 (holding an argument raised for the first time on appeal, and not in the family court, is not preserved for review).

2.  As to the award of attorney's fees to Barth: *Poston v. Poston*, 331 S.C. 106, 117, 502 S.E.2d 86, 92 (1998) (reinstating the family court's award of attorney's fees in a contempt proceeding–even though the matter was remanded for "a contempt sanction that is either clearly criminal or clearly civil"–because the moving party was successful in bringing the action and, therefore, should be reimbursed for expenses incurred in doing so); *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764-65 (Ct. App. 2007) (recognizing a court's contempt power to award attorney's fees under a compensatory contempt theory because compensatory contempt seeks to reimburse an aggrieved party for costs incurred in forcing a noncomplying party to obey a court order).

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**