**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rawcliffe Resorts, Inc., Respondent,

v.

Matt Becker and Associates, Inc. d/b/a Ocean Breeze Beach Vacations, Matt Becker and Karen Clark Becker, Appellants.

Appellate Case No. 2014-001152

---

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-117
Submitted February 1, 2016 – Filed March 2, 2016

---

**REVERSED AND REMANDED**

---

Randall K. Mullins and Jarrod Elliott Ownbey, both of Mullins Law Firm, PA, of N. Myrtle Beach, for Appellants.

James L. Hills and Jennifer Darrow Hills, both of Hills & Hills, PC, of Myrtle Beach, for Respondent.

---

**PER CURIAM:** Matt and Karen Becker appeal the trial court's order holding them in civil indirect contempt for violating a consent order. The Beckers argue

the trial court erred in (1) finding them in civil contempt of the consent order, and (2) applying the wrong standard of proof when finding them in civil contempt. We reverse and remand.[1]

On April 2, 2013, the Beckers and Rawcliffe Resorts entered into a consent order prohibiting the Beckers and their rental company, Ocean Breeze, from advertising or implying their rental packages included access to the Sand Dunes Water Park, an amenity owned by Rawcliffe Resorts. The trial court found by clear and convincing evidence the Beckers intentionally provided fraudulent wristbands to one of their customers, and that the wristbands implied access to the Sand Dunes Water Park, violating the provisions of the consent order. The trial court held the Beckers in civil indirect contempt and sentenced them both to thirty days' imprisonment, with the option to purge the sentence at any time by paying one thousand dollars to the Horry County Clerk of Court.

Although the trial court's order specifically provided that the contempt was civil and the sanctions were not intended to be solely punitive, our review of the sanctions imposed by the trial court indicates the Beckers' contempt was criminal. *See Ex parte Jackson*, 381 S.C. 253, 258, 672 S.E.2d 585, 587 (Ct. App. 2009) ("The determination of whether contempt is civil or criminal hinges on the underlying purpose of the contempt ruling."). In *Jackson*, this court concluded the defendant's contempt was criminal because she received a definite term of ninety days' imprisonment and had no opportunity to purge herself of the sanction if she complied with the court order. *Id.* at 259, 672 S.E.2d at 587-88. Here, although the Beckers could avoid serving jail time, they could only do so by paying a fine to the Horry County Clerk of Court. The Beckers were required to do one or the other; thus, they could not entirely purge themselves of the sanction. *See Poston v. Poston*, 331 S.C. 106, 115, 502 S.E.2d 86, 90-91 (1998) (stating an example of a criminal contempt sanction is when "[t]he contemnor is given a choice between paying a fine to the court or serving a definite period of time in jail." Explaining, "[t]he contemnor must do one or the other, thus he cannot purge himself entirely of the sanction"). Because the punishment was for a definite term of imprisonment or payment of a fine to the court, the Beckers were held in criminal contempt, and the trial court erred in classifying this contempt as civil. *See Jackson*, 381 S.C. at 258-59, 672 S.E.2d at 587 ("Punishment for civil contempt is remedial in that sanctions are conditioned on compliance with the court's order, whereas an unconditional penalty is considered criminal contempt because it is solely and exclusively punitive in nature."). Therefore, we reverse and remand this matter to the trial

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

court.  Upon remand, the trial court shall set forth its findings of fact in detail, and determine if they are sufficient to hold the Beckers in criminal contempt when applying the proper standard of proof.

**REVERSED and REMANDED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**