**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Judith and Johnny Briggs, Respondents,

v.

Shelby Briggs and Alan Bain, Defendants,

Of whom Shelby Briggs is the Appellant and Alan Bain is the Respondent.

Appellate Case No. 2020-000807

———————————

Appeal From York County
David G. Guyton, Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-213
Heard February 15, 2023 – Filed May 31, 2023

———————————

**REVERSED**

———————————

Michael Benjamin Smith, of Morton & Gettys, LLC, of Rock Hill, for Appellant.

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of York, for Respondents Judith Briggs and Johnny Briggs.

Melinda Inman Butler, of The Butler Law Firm, of Union, for Respondent Alan Bain.

———————————

**PER CURIAM:** Shelby Briggs (Mother) appeals the family court's orders holding her in contempt and denying her motion for reconsideration. On appeal, Mother argues the family court erred in holding her in contempt and erred in awarding Alan Bain (Father) attorney's fees. We reverse.

We hold the family court erred in finding Mother in contempt for failing to provide Father with ninety days' notice prior to her relocation. *See Taylor v. Taylor*, 434 S.C. 307, 315, 863 S.E.2d 335, 339 (Ct. App. 2021) ("On appeal from the family court, the appellate court reviews factual and legal issues de novo."); *id.* ("Thus, the appellate court has the authority to find facts in accordance with its own view of the preponderance of the evidence."); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) (recognizing the de novo standard does civil abrogate the two principles that "(1) [the family court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the [family court]"); S.C Code Ann. § 63-3-620 (Supp. 2022) ("An adult who wil[l]fully violates, neglects, or refuses to obey or perform a lawful order of the court . . . may be proceeded against for contempt of court."); *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998) ("Civil contempt must be proven by clear and convincing evidence."); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 83-84, 370 S.E.2d 872, 875 (1988) (providing that a finding of willful contempt requires determining a party willfully disobeyed a court order); *id.* at 82-83, 370 S.E.2d at 874 ("A willful act is defined as one 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Black's Law Dictionary* 1434 (5th ed. 1979))); *Welchel v. Boyter*, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973) ("One may not be convicted of contempt for violating a court order which fails to tell h[er] in definite terms what [s]he must do. The language of the commands must be clear and certain rather than implied.").

Further, we hold the family court erred by imposing a criminal contempt sanction for a civil contempt finding. *See Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Taylor*, 434 S.C. at 316-17, 863 S.E.2d at 340 ("Contempt can be criminal or civil depending on the purpose for exercising the power, the nature of the relief, and the purpose of the sentence imposed."); *id.* at 317, 863 S.E.2d at 340 (explaining civil contempt

sanctions may include "a fee paid to the complainant or a prison sentence that may be purged upon compliance with a court order"); *Ex parte Jackson*, 381 S.C. 253, 258-59, 672 S.E.2d 585, 587 (Ct. App. 2009) ("Punishment for civil contempt is remedial in that sanctions are conditioned on compliance with the court's order, whereas an unconditional penalty is considered criminal contempt because it is solely and exclusively punitive in nature."); *Poston*, 331 S.C. at 116, 502 S.E.2d at 91 (finding that if a sanction leaves the offender "with no ability to purge herself of the sentence," the sanction is a punishment "characteristic of criminal contempt").

Because we reverse the finding of contempt against Mother, we also reverse the grant of attorney's fees to Father. *See Rogers v. Rogers*, 343 S.C. 329, 334, 540 S.E.2d 840, 842 (2001) ("[S]ince the beneficial result obtained by counsel is a factor in awarding attorney's fees, when that result is reversed on appeal, the attorney's fee award must also be reconsidered."). We decline to address Mother's remaining issues. *See* Rule 220(b)(2), SCACR; *see also Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (observing an appellate court need not address remaining issues when the determination of other issues is dispositive).

**REVERSED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**